Filed 7/16/14  P. v. Singh CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BALRAJ SINGH,<br><br>    Defendant and Appellant. | F066429<br><br>(Super. Ct. No. F11904680)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  William Kent Hamlin, Judge.

Tutti Hacking, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Leanne Le Mon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Poochigian, J., and Franson, J.

## INTRODUCTION

At the conclusion of a jury trial on November 16, 2012, appellant was found guilty of felony allegations that he possessed a controlled substance while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a), count 1) and possessed a concealed firearm that was loaded (Pen. Code, § 12025, subd. (b)(6), count 2).[1]  On December 17, 2012, appellant was sentenced to a prison term of two years on count one and to a concurrent term of one year four months on count two.  The court awarded 738 days of custody credits.  An amended abstract of judgment was filed on June 25, 2013, showing that appellant had 990 days of custody credits.

Appellant contends the trial court violated the proscription in section 654 against multiple punishment for a single criminal act that violates more than one statute when the court sentenced him on both counts.  We agree with appellant and will reverse the trial court's imposition of a concurrent sentence on count 2.

## FACTS

At 7:15 p.m. on August 11, 2011, Fresno Police Officers Angel DeLa Fuente and Richard Badilla were in a marked patrol car at Parkway and White near multiple hotels in Fresno, including the Travel Inn in the general area of Belmont and Highway 99.  As the officers drove into the north gate of the Travel Inn, they saw a male sitting in the driver's seat of a silver vehicle.  The door of the car was open and the hood was up.  Appellant was standing looking under the hood.

The officers parked one parking stall away from the silver car.  DeLa Fuente approached appellant and asked him if he had a room at the hotel.  Appellant replied he

---

[1]     Penal Code section 12025 was reenacted as section 25400 without substantive change.  (Stats. 2010, ch. 711, § 6, operative Jan. 1, 2012.)  Appellant committed his offense while section 12025 was still operative.

Unless otherwise indicated, statutory citations refer to the Penal Code.

2

was in room 118. DeLa Fuente asked appellant if he could search him for officer safety. Appellant nodded his head affirmatively. When DeLa Fuente asked appellant if he had any weapons, appellant replied that he had a gun and looked down toward the front of his waistband.

DeLa Fuente restrained appellant and placed handcuffs on him. DeLa Fuente pulled up appellant's shirt and found a .357 magnum revolver protruding from appellant's waistband. DeLa Fuente retrieved the gun that was fully loaded with seven live rounds. DeLa Fuente ran the serial number of the gun through the dispatcher and learned it was registered to someone else, not appellant. The gun was never registered to anyone other than the original owner.

Appellant was taken into custody. DeLa Fuente searched appellant's pants pockets and found a Ziploc baggie that contained .79 grams of methamphetamine. A usable amount of methamphetamine is .02 grams. According to the probation officer's report, appellant told the arresting officers that the gun was not his and he "found it inside the room." Appellant later said the gun did not belong to him and he found it in a random hotel room.

## MULTIPLE PUNISHMENT IN VIOLATION OF SECTION 654

Appellant contends that section 654 prohibits multiple punishment for a single criminal act, though it violates more than one criminal statute. Appellant argues that both offenses were committed during a single course of criminal conduct. Respondent argues that there is evidence in the record to support the conclusion that appellant's offenses constituted separate crimes and the possession and concealing of the weapon happened at a different time than appellant's possession of the weapon with drugs. Respondent reasons appellant committed separate offenses and that the prohibition against multiple punishment in section 654 does not apply. We find respondent's argument unpersuasive and will reverse the imposition of a concurrent sentence on count 2.

3

Section 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct. When a defendant is convicted of two offenses falling within the ambit of section 654, the execution of one of the sentences must be stayed. Section 654 does not allow multiple punishment for either concurrent or consecutive sentences. (*People v. Deloza* (1998) 18 Cal.4th 585, 591-592.)

The recent California Supreme Court decision in *People v. Jones* (2012) 54 Cal.4th 350 (*Jones*) is dispositive of the section 654 issue presented here. The defendant in *Jones* was driving with a loaded .38-caliber revolver. (*Jones*, *supra*, at p. 352.) The defendant was convicted of three crimes: (1) possession of a firearm by a felon; (2) carrying a readily accessible concealed and unregistered firearm; and (3) carrying an unregistered loaded firearm in public. (*Ibid.*) He was sentenced to concurrent three-year prison terms on each of the three counts, plus a one-year enhancement. (*Ibid.*)

On appeal, the defendant argued that execution of his sentences on two of the counts had to be stayed under section 654. (*Jones*, *supra*, 54 Cal.4th at p. 352.) The California Supreme Court agreed, holding that a single physical act which violates multiple provisions of law may only be punished once under section 654. (*Jones*, *supra*, at p. 358.) Under *Jones*, courts should look at whether a single *physical* act is being punished, not whether distinct *criminal* acts are being punished and courts do not look to whether the statutes the defendant violated have distinct purposes. (*Id.* at pp. 355-357.)

Appellant was convicted in count 1 of possession of a controlled substance while armed with an operable, loaded firearm and in count 2 of possession of a concealed firearm. As explained above, the relevant inquiry is whether there is a single physical act at issue with respect to both counts. Furthermore, *Jones* rejected earlier Supreme Court cases that held to the contrary and ruled that: (1) a single physical act occurs by virtue of possessing an object, regardless of how many intentions the possessor may have for the object; and (2) the same principle applies to possession of a concealed firearm and

4

possession of narcotics while armed with an operable, loaded firearm. (*Jones*, *supra*, 54 Cal.4th at pp. 355-357.)

Respondent focuses on footnote 3 of the *Jones* opinion which cited with approval an earlier case, *People v. Jones* (2002) 103 Cal.App.4th 1139, 1144-1146. (*Jones*, *supra*, 54 Cal.4th at p. 358, fn. 3.) The earlier *Jones* case, however, involved a defendant who was a felon in possession of a firearm who later used that weapon to commit a separate crime with it. In the earlier *Jones* case it was clear that the defendant had violated the statute prohibiting a felon to be in possession of a firearm prior to later using the gun to commit a separate offense.

Respondent argues the facts from the probation officer's report indicating that appellant may have acquired the gun at an earlier, different time from his possession of methamphetamine make this case analogous to *People v. Jones*, *supra*, 103 Cal.App.4th 1139. We reject respondent's analysis. The facts in the probation officer's report concerning when appellant acquired the gun are, at best, ambiguous. We cannot discern from this record precisely when appellant acquired the gun or whether he was in possession of methamphetamine when he did so.

Although appellant may have acquired the gun at a different time from the methamphetamine, in the factual scenario of the sequence of events here it is equally plausible that appellant was always in simultaneous possession of the gun and the methamphetamine. The additional information in the probation officer's report does not clarify this point. We find the facts in *People v. Jones*, *supra*, 103 Cal.App.4th 1139, 1144-1146, to be inapposite to those in the instant action. The decisions of the Supreme Court are stare decisis and are binding on us. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) We apply the holding of our Supreme Court's decision in *Jones*, *supra*, 54 Cal.4th 350 to the instant action and conclude the trial court erred in failing to stay appellant's sentence in count 2 pursuant to section 654.

5

**DISPOSITION**

The trial court's imposition of a concurrent sentence on count 2 is reversed. The case is remanded for the trial court to prepare an amended abstract of judgment indicating that appellant's sentence on count 2 is stayed pursuant to Penal Code section 654, and, if necessary, to forward the amended abstract of judgment to the appropriate authorities. The judgment is otherwise affirmed.